IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Jerome Pendergrass, ) | C/A NO. 0:11-2706-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| United States of America; Federal Bureau ) | |
| of Prisons; and Dr. FNU Blocker, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On May 14, 2012, the Magistrate Judge issued a Report recommending that this matter be dismissed with prejudice due to Plaintiff's failure to prosecute. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on May 29, 2012, as well as a motion for a copy of Defendant's motion to dismiss.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court finds that Plaintiff should be given additional time to respond to Defendants' summary judgment motion. Plaintiff had surgery on April 9, 2012, and has been assigned to a medical facility within the Bureau of Prisons since that time. It appears his legal material is located in another facility.

Plaintiff shall have until **Friday, July 27, 2012**, to respond to Defendants' motion to dismiss. Plaintiff indicates that he has requested that Bureau of Prisons' authorities provide him access to his legal materials, currently maintained in the non-medical facility where he is normally housed.

Plaintiff's motion is **denied without prejudice**. If Plaintiff has not received access to Defendants' dismissal motion by **Friday, June 22, 2012**, he should again submit a motion to this court for a copy of the motion and supporting documents.[1]

This matter is returned to the Magistrate Judge for further pretrial proceedings.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON McGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 1, 2012

---

[1] The Government's motion and supporting documents consists of over 585 pages of material.