IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Pendergrass, ) | C/A No. 0:11-2706-MGL-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| United States of America, Federal Bureau of ) | |
| Prisons, and Dr. FNU Blocker, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

  The plaintiff, Jerome Pendergrass ("Pendergrass"), a self-represented federal prisoner, filed this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA" or "Act"), against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion to dismiss or for summary judgment. (ECF No. 20.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Pendergrass of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. Pendergrass filed a response in opposition. (ECF No. 48.) Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motion should be granted.

## BACKGROUND

  Pendergrass, who is diabetic, alleges in his Complaint that on February 20, 2009[1] while housed at the Federal Correctional Institution in Edgefield, South Carolina, Defendant Blocker, a

---

[1] Although Pendergrass alleges that the procedure at issue occurred on February 2, 2012, the defendants argue, and the record clearly reveals, that Pendergrass's procedure occurred on February 20, 2012.



physician employed by the Federal Bureau of Prisons ("BOP"), committed medical malpractice when he improperly performed a surgical procedure on the tip of Pendergrass's middle finger on his left hand. Pendergrass alleges that, as a result of Defendant Blocker's actions, his finger became infected and eventually had to be amputated. Pendergrass further claims that Defendant Blocker was deliberately indifferent to Pendergrass's medical needs and breached the duty of care owed to Pendergrass when Blocker performed this procedure without wearing gloves or properly cleaning Pendergrass's finger. Pendergrass seeks monetary damages.

In support of their motion for summary judgment, the defendants have provided affidavit testimony from Dr. Rex Blocker, the Clinical Director at FCI Edgefield, as well as Pendergrass's relevant medical records. Dr. Blocker denies Pendergrass's allegations that Pendergrass received improper medical care or that Blocker was deliberately indifferent to Pendergrass's medical needs. (Blocker Decl. ¶ 3, ECF No. 20-6 at 1-2.) Blocker provides a summary of the extensive care that Pendergrass received, including Blocker's personal examinations and treatments for Pendergrass's left middle finger, and avers that he and the medical staff provided "thorough care on a regular basis" for Pendergrass's infection. (Id. ¶¶ 4, 6, ECF No. 20-6 at 2-12.) Blocker also details Pendergrass's treatment for his diabetes, noting that Pendergrass has "problems with his extremities," and was counseled numerous times on the importance of being more compliant with taking the correct dosages of medications, eating properly, and exercising in order to attempt to control his diabetes. (Id. ¶¶ 5, 7, ECF No. 20-6 at 11-12.) Blocker avers that, after two courses of different antibiotics, Pendergrass's pain and swelling at the tip of his left middle finger had not improved, and that Blocker's medical opinion was that it was "appropriate to seek to culture the area to determine if different medications might be more effective." (Id. ¶ 8, ECF No. 20-6 at 12.) Blocker further avers

that, while wearing gloves, he made a small incision in the tip of Pendergrass's left middle finger with a sterile instrument. (Id., ECF No. 20-6 at 12-13.) Blocker declares that this procedure was not the cause of the infection in Pendergrass's finger, but that Pendergrass's infection—which ultimately required the finger to be amputated—was due to the "inadequate healing of the wound on [Pendergrass's] finger as a result of his poorly controlled diabetes, Raynoud's Syndrome, and vascular complications." (Id., ECF No. 20-6 at 13.) Blocker avers that Pendergrass was provided effective and adequate medical care, that he did not breach any duty of care owed to Pendergrass, that he never acted with deliberate indifference to Pendergrass's medical needs, and that he has never intentionally violated Pendergrass's constitutional rights. (Id. ¶¶ 9-12, ECF No. 20-6 at 13.)

## DISCUSSION

**A.     Applicable Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). A court may consider "documents attached or incorporated into the complaint" without converting a motion to dismiss into



a motion for summary judgment. E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). Further, "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.' " American Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) (quoting Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999)).

The court observes that it is required to liberally construe *pro se* complaints. Id. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Additionally, summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not



disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

*PJG*

**B.     Eighth Amendment**

In his Complaint, Pendergrass expressly invokes the FTCA. (See ECF No. 1 at 1.) However, he also appears to allege that Defendant Blocker was deliberately indifferent to his medical needs. To the extent that Pendergrass raises claims pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971),[2] the defendants correctly assert that Pendergrass has failed to exhaust his administrative remedies with regard to any Bivens allegations Pendergrass may be attempting to assert.

A prisoner must exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. See Booth v. Churner, 532 U.S. 731 (2001). Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective. Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739). Satisfaction of the exhaustion requirement requires "using

---

[2] In Bivens, the United States Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983; therefore, case law involving § 1983 claims is generally applicable in Bivens actions. See Harlow v. Fitzgerald, 457 U.S. 800, 814-20, n.30 (1982); see also Farmer v. Brennan, 511 U.S. 825 (1994).



all steps that the agency holds out, and doing so *properly*." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). The defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

BOP has a three-tiered administrative grievance process. See 28 C.F.R. §§ 542.10, et seq. An inmate may first seek to informally resolve his complaint by filing Form BP-8, and if the matter cannot be resolved informally, the inmate must file a formal written "Administrative Remedy Request" (Form BP-9) within twenty calendar days following the date on which the basis for the complaint occurred. 28 C.F.R. §§ 542.13, 542.14(a). If the inmate is dissatisfied with the response, he may appeal the decision to the Regional Director within twenty calendar days of the date of the Warden's response by filing Form BP-10. 28 C.F.R. § 542.15. Finally, the inmate may appeal this decision to the General Counsel within thirty calendar days of the Regional Director's response by filing Form BP-11. Id.

Pendergrass has not refuted the defendants' showing that he failed to exhaust his administrative remedies with regard to his Bivens claim. Accordingly, to the extent Pendergrass's Complaint raises allegations pursuant to Bivens, these claims should be dismissed.

**C.     Federal Tort Claims Act**

As stated above, Pendergrass has expressly filed this action pursuant to the FTCA. 28 U.S.C. §§ 2671-2680. The Act provides for a limited waiver of the Government's sovereign immunity from suit by allowing a plaintiff to recover damages in a civil action for loss of property or personal



injuries caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

However, the United States is the only proper defendant to an FTCA claim. See Holmes v. Eddy, 341 F.2d 477 (4th Cir. 1965) (holding that federal agencies cannot be sued under the FTCA); Galvin v. OSHA, 860 F.2d 181, 183 (5th Cir. 1988) (holding that "an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction"); see also 28 U.S.C. § 1346(b) (providing that the district courts shall have jurisdiction for tort claims "against the United States"). Accordingly, Defendant BOP and Defendant Blocker are not proper parties under the FTCA and should be dismissed as defendants in this matter.

Under the FTCA, the court must determine liability in accordance with the substantive tort law of the state "where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Accordingly, because Pendergrass alleges medical negligence that occurred while he was housed in a BOP facility located in South Carolina, (see Compl. ¶ 5, ECF No. 1 at 2), the substantive law of South Carolina controls.

To recover in a negligence claim, "a plaintiff must prove the following three elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty." Bloom v. Ravoira, 529 S.E.2d 710, 712 (S.C. 2000). Further, the South Carolina Supreme Court has required that

> a plaintiff alleging medical malpractice must provide evidence showing (1) the generally recognized and accepted practices and procedures that would be followed by average, competent practitioners in the defendants' field of medicine under the



same or similar circumstances, and (2) that the defendants departed from the recognized and generally accepted standards. Also, the plaintiff must show that the defendants' departure from such generally recognized practices and procedures was the proximate cause of the plaintiff's alleged injuries and damages.

David v. McLeod Reg'l Med. Ctr., 626 S.E.2d 1, 4 (S.C. 2006) (internal citations omitted). Additionally, "[t]he plaintiff must provide expert testimony to establish both the required standard of care and the defendants' failure to conform to that standard, unless the subject matter lies within the ambit of common knowledge so that no special learning is required to evaluate the conduct of the defendants." Id. In a medical malpractice case, the burden of proof of negligence, proximate cause, and injury is entirely on the plaintiff. Dumont v. United States, 80 F. Supp. 2d 576, 581 (D.S.C. 2000).

Pendergrass has failed to establish a claim under the FTCA. It is undisputed that Pendergrass has failed to file an expert affidavit or testimony.³ Additionally, Pendergrass's conclusory allegations are insufficient to establish that Defendant Blocker departed from a recognized and generally accepted standard or that a causal link existed between any alleged departure and any injury. Accordingly, Pendergrass has failed to forecast evidence to establish an FTCA medical malpractice or negligence claim. Therefore, the defendants' motion should be granted with respect to Pendergrass's FTCA claims.

---

³ To the extent Pendergrass requests that the court appoint an expert witness on his behalf (ECF No. 51), such a request must be denied. (See Defs.' Resp. in Opp'n, ECF No. 52 at 4-6) (discussing the inapplicability of Fed. R. Evid. 706(a) with regard to Pendergrass's request); see also United States v. MacCollom, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized by Congress, not that public funds may be expended unless prohibited by Congress."); Boring v. Kozakiewicz, 833 F.2d 468 (3d Cir. 1987) (upholding the district court's denial of a civil plaintiff's request for funds to pay an expert medical witness and observing that neither 28 U.S.C. § 1915 nor any other authority provides for such funding).



**D.     Other Claims**

To the extent Pendergrass is attempting to assert any other claims, his Complaint fails to state a plausible claim for relief.  See Iqbal, 556 U.S. at 667-68.

## RECOMMENDATION

Accordingly, the court recommends that the defendants' motion for summary judgment be granted.  (ECF No. 20.)  In light of the court's recommendation, Pendergrass's motions should be terminated.  (ECF Nos. 48 & 51.)

_____
December 11, 2012                              Paige J. Gossett
Columbia, South Carolina                  UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).