# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Jerome Pendergrass ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 0:11-cv-2706-PMD-PJG |
| v. ) | |
| ) | |
| United States of America, Federal ) | **ORDER** |
| Bureau of Prisons, and Dr. FNU Blocker, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge Paige J. Gossett recommending that Defendants' Motion for Summary Judgment be granted. Also before the Court are Plaintiff Jerome Pendergrass's ("Plaintiff" or "Pendergrass") objections to the R&R. For the reasons set forth below, the Court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

The facts of this case are discussed in the Magistrate Judge's R&R and need not be reiterated in their entirety here. In short, Plaintiff, a self-represented federal prisoner,[1] brought this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, against the United States of America, the Federal Bureau of Prisons ("BOP"), and Dr. Rex Blocker ("Dr. Blocker") (collectively "Defendants").[2]  Pendergrass, who is a diabetic, alleges in his verified

---

[1] Pendergrass was incarcerated at the Federal Correctional Institution ("FCI") in Edgefield, South Carolina, from October 15, 1999, to October 20, 2009. The procedure at issue in this case took place while Plaintiff was housed at the FCI in Edgefield. He was then transferred to the Federal Medical Center ("FMC") in Butner, North Carolina, and is now incarcerated at the FMC Butner II.

[2] In his objections, Plaintiff acknowledges that the United States of America is the only proper defendant. Thus, he agrees with the Magistrate Judge that the Federal Bureau of Prisons ("BOP") and Dr. Rex Blocker should be dismissed from this action. Pl.'s Obj. 1 n.1.

1

Complaint[3] that on February 20, 2009, Dr. Blocker, a physician and the Clinical Director at Federal Correctional Institution ("FCI") Edgefield, committed medical malpractice by improperly incising the tip of his middle finger on his left hand. Pendergrass alleges that, due to Dr. Blocker's actions, his finger became infected and eventually had to be amputated. According to Plaintiff, Dr. Blocker was deliberately indifferent to his medical needs and breached the duty of care owed to him because Dr. Blocker failed to wear gloves and properly sterilize the finger during the procedure. Pendergrass claims he has suffered pain and seeks $345,000 in actual damages and $345,000 in punitive and compensatory damages.

Defendants filed a motion for summary judgment wherein they provided the Court with affidavit testimony from Dr. Blocker, as well as Plaintiff's relevant medical records. Dr. Blocker denies Pendergrass's allegations and provides an extensive summary of the care that was provided to him on a regular basis. *See* Blocker's Decl. [Doc. # 20-6]; R&R pp. 2-3

## STANDARD OF REVIEW

### I.     Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to the Court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's R&R within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). This Court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered, and the Court may accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the Court may recommit the matter to the Magistrate Judge

---

[3] In this Circuit, verified complaints by *pro se* prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991).

with instructions. *Id.* A party's failure to object is accepted as an agreement with the conclusions of the Magistrate Judge. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## II.     Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52 (1986). Summary judgment should be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trustees of Mayland Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249.

## III.    *Pro Se* Litigant

Plaintiff is acting *pro se* in this action. A court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g.*, *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

3

## **DISCUSSION**

The Magistrate Judge considered the merits of Plaintiff's FTCA claim[4] and determined that Plaintiff failed to submit sufficient evidence to give rise to a genuine issue of fact as to whether a wrongful or negligent act was committed by Dr. Blocker.[5]  Plaintiff objects on the basis that the R&R overlooked the fact that Defendants failed to file expert testimony, "and thus[,] [have] failed to place into evidence any showing that [there are no] genuine and material question[s] . . . as to whether Dr. Blocker's treatment of [him] comported with the standard of care applicable to such incisions."  Pl.'s Obj. 5.  Plaintiff contends that he is not obligated to file expert testimony at this time, and the R&R should have rejected Dr. Blocker's opinion because he is not an expert. The Court disagrees and hereby overrules Plaintiff's objections.

Under the FTCA, the Court must determine liability in accordance with the substantive tort law of the state "where the act or omission occurred." 28 U.S.C. § 1346(b)(1).  Accordingly, because Pendergrass alleges medical negligence that occurred while he was housed in a BOP facility located in South Carolina, *see* Compl. ¶ 5, [Doc. # 1] at 2, the substantive law of South Carolina controls.

To recover in a negligence claim, "a plaintiff must prove the following three elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty." *Bloom v. Ravoira*, 529 S.E.2d 710, 712 (S.C. 2000).  The standard of duty for an FTCA claim, which is provided by statute, *see* 18 U.S.C. § 4042, is that of "reasonable care."  *Butler v. United States*, No. 9:08-

---

[4] The Magistrate Judge also held that the United States is the only proper defendant to an FTCA claim, *see* 28 U.S.C. § 2679(b), and therefore, correctly dismissed as defendants the BOP and Dr. Blocker under this claim. R&R 8.

[5] The FTCA waives sovereign immunity and allows suits against the United States for personal injuries cause by government employees acting within the scope of their employment. *See* 28 U.S.C. § 1346(b).

2760, 2001 WL 1631013, at *8 (D.S.C. Mar. 24, 2011).   Further, the South Carolina Supreme Court has required that

> a plaintiff alleging medical malpractice must provide evidence showing (1) the generally recognized and accepted practices and procedures that would be followed by average, competent practitioners in the defendants' field of medicine under the same or similar circumstances, and (2) that the defendants departed from the recognized and generally accepted standards. Also, the plaintiff must show that the defendants' departure from such generally recognized practices and procedures was the proximate cause of the plaintiff's alleged injuries and damages.

*David v. McLeod Reg'l Med. Ctr.*, 626 S.E.2d 1, 4 (S.C. 2006) (internal citations omitted). Additionally, "[t]he plaintiff must provide expert testimony to establish both the required standard of care and the defendants' failure to conform to that standard, unless the subject matter lies within the ambit of common knowledge so that no special learning is required to evaluate the conduct of the defendants." *Id.*  In a medical malpractice case, the burden of proof of negligence, proximate cause, and injury is entirely on the plaintiff.  *Dumont v. United States*, 80 F. Supp. 2d 576, 581 (D.S.C. 2000).

Defendants, as the moving party, have the burden of showing an absence of a genuine issue of material fact; however, such a showing does not have to be made by expert testimony. The sworn declarations and medical records submitted by Defendants in support of their motion for summary judgment are sufficient documents to demonstrate that Plaintiff received adequate medical treatment. *See Bennett v. Reed*, 534 F. Supp. 83, 87 (E.D.N.C. 1981) (court relying on the affidavits of medical personnel), *aff'd by* 676 F.2d 690 (4th Cir. 1982). As such, the Magistrate Judge did not err in failing to consider the fact that Defendants did not file expert testimony nor did she err in considering Dr. Blocker's testimony.  Under South Carolina law, it is the plaintiff who must provide expert testimony to support a medical malpractice claim. Here,

it is undisputed that Plaintiff did not file an expert affidavit or testimony with the Court. In the absence of such testimony, Plaintiff failed to set forth the applicable standard of care for the medical procedure at issue or establish Defendants' failure to conform to that standard. Even assuming such testimony is not required,[6] as Plaintiff contends, Plaintiff still failed to demonstrate that the injury he suffered (the amputation of his finger) was causally connected to the alleged negligent treatment by Dr. Blocker. Plaintiff's claim cannot succeed unless he establishes proximate cause. *See Bloom*, 529 S.E.2d at 712. The Court finds that the Magistrate Judge properly concluded that the evidence is insufficient to support an inference that Dr. Blocker "departed from a recognized and generally accepted standard or that a causal link existed between any alleged departure and any injury." R&R 9. As such, Plaintiff's objections are overruled.[7]

In viewing the evidence in Plaintiff's favor and accepting his contradictory statements (that Dr. Blocker did not numb or clean his finger prior to the incision nor did he wear sterile gloves), the Court agrees with the Magistrate Judge that Pendergrass failed in his burden of proof to establish an FTCA medical malpractice or negligence claim against Defendants. *See Harley v. United States*, No. 4:08-820, 2009 WL 187588, at *5 (D.S.C. Jan. 26, 2009) (Herlong, J.)

---

[6] Expert testimony is not required if the "the subject matter is of common knowledge" so "no special learning is needed to evaluate [Dr. Blocker's] conduct." *Brown v. United States*, No. 8:08-cv-2168, 2009 WL 2869940, at *7 (D.S.C. Sept. 2, 2009).

[7] Plaintiff also objects to the R&R's reliance on the medical records provided to the Court by Defendants on the grounds that these records are unauthenticated and constitute hearsay. Pl.'s Obj. 1-4. *See* ECF [attachments to Doc. # 20]. Plaintiff's sole challenge to the authenticity of these records is that there is no certification that they are in fact from FCI Edgefield Medical Department, FCI Edgefield County Hospital, and FCI Edgefield Commissary. Pl.'s Obj. 2. Plaintiff's assertions are incorrect. These records are signed, stamped and/or marked in some way, clearly indicating the institution from which they originated. There is no reason why their authenticity should not be accepted. Further, the information on these records would be admissible at trial as statements made for the purpose of a medical diagnosis or treatment and as records of regularly conducted activity, under exceptions to the hearsay rule. Fed. R. Evid. 803(4), 803(6). As such, Plaintiff's objection is overruled.

(finding that the plaintiff's "conclusory statements, without supporting evidence" are insufficient to establish that the defendant breached its legal duty of care); *Harrison v. Fed. Bureau of Prisons*, No. 8:08-1003, 2008 WL 5429827, at *9 (D.S.C. Dec., 30, 2008) (Floyd, J.) (adopting the Magistrate Judge's finding that the plaintiff failed in his burden of proof, noting that "the plaintiff has not set forth any evidence, except for his own conclusory allegations, that the defendants failed to conform to a required standard of care or were negligent"); *Sheppard v. Berrios*, No. 4:07-0431, 2008 WL 509073, at *12 (D.S.C. Feb. 21, 2008) (Seymour, J.) (same). The record shows that Plaintiff's medical needs were appropriately and consistently addressed on numerous occasions and that Plaintiff was unwilling at times to abide by the medical directions given to him regarding his poorly controlled diabetes.  Therefore, the R&R properly concluded that summary judgment is appropriate as to Plaintiff's FTCA claim as the facts set forth in Defendants' motion for summary judgment are either undisputed or contested in a deficient manner. *See Luckett v. United States*, No. 08–13775, 2009 WL 1856417, at *5 (E.D. Mich. June 29, 2009) (citing *Lambert v. United States*, 198 F. App'x. 835, 839 (11th Cir. 2006) (affirming dismissal of medical malpractice claim under FTCA where Plaintiff submitted only "his own conclusory allegations").

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Defendants' motion for summary judgment is **GRANTED**.[8]

---

[8] Plaintiff also filed a Motion for Leave to Amend/Correct his Complaint, pursuant to Rule 15 of the Federal Rule of Civil Procedure, on the same day he filed his objections to the R&R.  In this motion, Plaintiff concedes that Defendants Federal Bureau of Prisons ("BOP") and Dr. Rex Blocker are not proper parties and states that he wishes to drop all claims previously brought against these two Defendants.  Plaintiff wants to proceed under the Federal Tort Claims Act ("FTCA") against only the United States of America.  The Court finds that amendment of Plaintiff's Complaint at this time would be futile.  *See Foman v. Davis*, 371 U.S. 178, 83 S.Ct.

    **AND IT IS SO ORDERED.**

*[signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**February 12, 2013**
**Charleston, SC**

---

227 (1962) (Supreme Court holding that a motion to amend should be denied if amendment would be futile). Plaintiff states in his motion that "as for the defense of futility, [he] incorporates by reference his position set out in [his] Objections to [the R&R]." Pl.'s Mot. to Amend 4. However, for the reasons stated in this Order, Plaintiff's objections are overruled. Moreover, as to his FTCA claim, Plaintiff concedes that his Second Amended Complaint does nothing more than repeat allegations previously alleged. As such, Plaintiff's Motion for Leave to Amend is denied.